IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH, :
       Plaintiff :
   v. : Civil Action No. 05-11J
WINDBER MEDICAL CENTER :
and CONEMAUGH HEALTH SYSTEM, :
       Defendants :

<u>Report and Recommendation</u>

<u>Orders and Recommendation</u>

Plaintiff filed a <u>pro se</u> complaint under 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, <u>et seq.</u>, against defendants who allegedly own or lease a facility at 1511 Scalp Avenue in Richland Township, Cambria County. Pending are defendant Conemaugh Health System's motion to dismiss, docket no. 5, plaintiff's motion for a jury trial, docket no. 8, and plaintiff's motions for leave to proceed <u>in forma pauperis</u>, docket no. 11, docket no. 12.

Plaintiff's motions for leave to proceed <u>in forma pauperis</u>, docket no. 11 and docket no. 12, are granted, but the specific request for Marshal's service of the complaint is denied as moot because service of the complaint has been accepted and responses filed. Plaintiff's motion for a jury trial, docket no. 8, is denied because the plaintiff's ADA claims are equitable in nature.

Finally, defendant Conemaugh Health System's motion to dismiss, docket no. 5, should be granted.

<u>Report</u>

Plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that the parking lot at the office of

Robert Mrkich, M.D., is not ADA compliant. Plaintiff has filed a separate complaint against Doctor Mrkich: the two defendants named in this suit (apparently separate entities, although plaintiff appears to refer to them as if they were the same entity) are implicitly alleged to be owners or landlords of Doctor Mrkich's office. No further allegations of fact appear.

As with other complaints filed by plaintiff, it is not clear whether plaintiff intends to state claims under Section 1983 and Section 1985 of Title 42 in addition to a claim under Title III of the ADA, because all he does is refer to those sections, but if he does intend to state claims under those sections, they should be dismissed. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA, see 42 U.S.C.§ 12188(a)(1), limits the remedies available to private individuals to those set forth in the Civil Rights Act of 1964, 42 U.S.C.§ 2000a-3(a), namely permanent or temporary injunctions and restraining orders, it would contravene the statute's plain intent to permit a Section 1983 claim. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights.

Plaintiff cites as the basis of his claim 28 C.F.R.§ 36.201, and 28 C.F.R.§ 36 Appendix A, the regulations implementing Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), which

provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

\*\*\*

(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--

\*\*\*

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

To state a legal claim, any plaintiff must show that he has suffered some particular injury separate and apart from the effect of a defendant's act or omission on society in general. An injury, under Title III of the ADA, is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003). A person with a disability who is currently deterred from patronizing a public accommodation due to a failure to comply with the ADA, or who is threatened with being deterred in the future because of the noncompliance, suffers sufficient harm to confer standing. Id., citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir.2002). A person who does not allege a concrete prospect that he will be deterred in the future by some failure to comply with the ADA has no standing to

attack the alleged noncomplying condition, just as a person with a disability who is deterred from patronizing one place of public accommodation by its alleged noncompliance with the ADA does not have standing to assert claims against a public accommodation suffering from the same alleged noncompliance but which he has not sought to visit. See Clark v. McDonald's Corp. 213 F.R.D. 198, 230 (D.N.J.2003).

Plaintiff does not allege that he runs a risk of future harm from the alleged noncompliance of the parking lot at 1511 Scalp Avenue. It is not necessary to consider Conemaugh Health System's other defenses, because plaintiff has stated no claim against it.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 20 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Mark E. Scott, Esquire
P.O. Box 95
Bridgeville, PA 15017

Frank J. Hartye, Esquire
P.O. Box 533
Hollidaysburg, PA 16648

4