```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,              :
          Plaintiff               :
     v.                           : Civil Action No. 05-11J
WINDBER MEDICAL CENTER            :
          Defendants              :
```

<u>Report and Recommendation</u>

Recommendation

Pending is defendant Windber Medical Center's motion to dismiss, docket no. 16. I recommend that it be granted and the complaint dismissed.

Report

Plaintiff filed many <u>pro se</u> complaints against public accommodations in this area, claiming violations of Title III of the Americans with Disabilities Act, 42 U.S.C.§ 12101. Plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that defendant's parking lot does not have the required number of ADA compliant parking spaces. The parties were ordered to file cross motions in support of their respective positions on the question of plaintiff's standing to bring a Title III claim on the facts alleged in the complaint. Plaintiff was also ordered to clarify whether he intended to assert claims under 42 U.S.C.§ 1983 and 42 U.S.C.§ 1985, which had been cited in the complaint. Defendant filed a motion to dismiss for failure to state a claim; plaintiff has not filed anything. From other similar cases, it appears that plaintiff only intended to state a claim under Title III of the ADA.

Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

\*\*\*

(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--

\*\*\*

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

To state a claim under Title III of the ADA, a plaintiff must allege that he has suffered some concrete and particularized injury, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), separate and apart from the state of the world in general, due to his disability. A person with a disability does not have standing to raise ADA claims which do not relate to his disability. See Clark v. McDonald's Corp. 213 F.R.D. 198, 230 (D.N.J.2003)(a paraplegic has standing to challenge a restaurant's access features but not its lack of Braille menus). Under Title III of the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003).

Defendant, following the decision in Douris v. Dougherty, 192 F.Supp.2d 358 (E.D.Pa. 2002), states an alternative set of

elements of a Title III claim, requiring a plaintiff to allege (1) a disability; (2) discrimination on the basis of that disability; (3) that the plaintiff was thereby denied goods or services; (4) by the owner or operator of a place of public accommodation.  I do not adopt Douris' formula because I think it requires too much to require a denial of goods or services.  A simple inability of a plaintiff to use a public accommodation on substantially the same basis as a person without the plaintiff's alleged disability should suffice to state a claim.  At the same time, the cause of action as described in Douris requires too little: because a private plaintiff can only obtain injunctive relief for a violation of Title III, a plaintiff must also allege a likelihood of a future injury.  A person with a disability who is deterred or threatened with being deterred from future use of a public accommodation due to its failure to comply with the ADA suffers sufficient harm to confer standing.  Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., supra, citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir.2002).

     Whichever formula the Court of Appeals for the Third Circuit eventually adopts (the plaintiff in Douris eventually went to trial on one of several ADA complaints, but the appeal did not result in a precedential decision), plaintiff has not stated a claim.  Plaintiff does not allege that he will suffer harm from the state of the defendant's parking lots, nor does he even allege that he ever suffered harm there.  Simply alleging his disability and defendant's deficiency in complying with the ADA is not enough to

confer standing. As I have stated many times in similar Reports and Recommendations, if the ADA hypothetically required a defendant to have four handicap parking spots and defendant provided only three, a plaintiff can suffer no legal injury and has no standing to challenge the lack of the fourth spot unless the first, second, or third spots were already occupied (by other disabled persons properly using the spots) on a particular occasion, and the lack of a fourth spot deterred him in fact from using defendant's public accommodation, and there is a reasonable likelihood that this will happen in the future. The pleadings contain no such allegations. The complaint should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: November 09, 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Mark E. Scott, Esquire
P.O. Box 95
Bridgeville, PA 15017

Frank J. Hartye, Esquire
P.O. Box 533
Hollidaysburg, PA 16648